UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jeremy Strohmeyer,<br><br>    Petitioner<br><br>v.<br><br>Dwight Neven, et al.,<br><br>    Respondents | 2:15-cv-02161-JAD-CWH<br><br>**Order Granting Leave to File an Amended Petition** |

    Jeremy Strohmeyer brings this § 2254 petition to challenge prison disciplinary proceedings against him. However, in his two grounds for relief, Strohmeyer does not allege what happened during these disciplinary proceedings; he alleges that the state courts' handling of his post-conviction habeas petition and motion for injunction violated his due-process and equal-protection rights.

    Prisoners have some due-process protections in prison disciplinary proceedings, including: (1) written notice of the charges; (2) at least 24 hours to prepare for the hearing; (3) if disciplinary action is taken, a written statement describing the evidence relied upon and the reasons for the disciplinary action; (4) the opportunity to call witnesses and to present documentary evidence when compatible with security and correctional goals; and (5) legal assistance if the charges are complex.[1] But Strohmeyer does not allege or offer any facts to show that he was deprived of any of these protections. I therefore give Strohmeyer until **May 20, 2016**, to file an amended petition if he can plead true facts to show a disciplinary due-process violation. However I caution him that "errors in the state post-conviction review process [are] not addressable through [federal] habeas corpus proceedings,"[2] so Strohmeyer must not replead his claims alleging errors in his state post-conviction proceedings in his amended petition.

---

[1] *Wolff v. McDonnell*, 418 U.S. 539, 563–70 (1974).

[2] *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989); *see also Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **petitioner has until May 20, 2016, to file an amended petition curing the deficiencies in his prison disciplinary proceedings due-process claim**.  If petitioner fails to file an amended petition by this deadline, this action will be dismissed. Petitioner is cautioned that he remains responsible for calculating the federal limitation period under 28 USC § 2244(d)(1).

IT IS FURTHER ORDERED that the Clerk of Court is instructed to send petitioner the court's 28 USC § 2254 form with instructions.  The Clerk of Court is also instructed to add Adam Laxalt, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that petitioner is instructed to write the word "AMENDED" immediately above "Petition for Writ of Habeas Corps pursuant to 28 USC § 2254" on page 1 in the caption and write the case number: 2:15-cv-02161-JAD-CWH above the word "AMENDED." Where the court's petition form asks for details of his conviction, petitioner should assume that the form is asking for the details of his prison disciplinary sanction and state-court challenges to that sanction, and he should complete the form accordingly.

IT IS FURTHER ORDERED that the Clerk of Court is instructed to serve respondents with a copy of the petition and this order.  Respondents' counsel must enter a notice of appearance by May 10, 2016, but respondents need take no further action unless and until ordered by the court.

Dated April 20, 2016

_____
Jennifer A. Dorsey
United States District Judge