UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jeremy Strohmeyer,<br><br>    Petitioner<br><br>v.<br><br>Dwight Neven, *et al.*,<br><br>    Respondents | 2:15-cv-02161-JAD-CWH<br><br>**Order Granting in Part and Denying in Part Motion for Stay, or in the Alternative, to Withdraw Petition, and Dismissing and Closing Case**<br><br>[ECF No. 7] |

Jeremy Strohmeyer filed a § 2254 petition to challenge prison disciplinary proceedings against him. But in his two grounds for relief, Strohmeyer did not allege what happened during these disciplinary proceedings; he alleged instead that the state courts' handling of his post-conviction habeas petition and motion for injunction violated his due-process and equal-protection rights. I thus gave Strohmeyer until May 20, 2016, to file an amended petition if he could plead true facts to show a disciplinary due-process violation, and I cautioned him that errors in the state post-conviction review process are not addressable through federal habeas proceedings.[1] I also warned him that if he did not file an amended petition by this deadline, this action would be dismissed.[2]

The deadline has expired and Strohmeyer has not filed an amended petition; he has filed a motion for a stay, or in the alternative, a motion to withdraw his petition.[3] In his motion, Strohmeyer explains that he originally brought this action to challenge the state courts' handling of his motion for injunction and that he cannot yet bring a § 2254 petition to challenge the prison disciplinary proceedings against him because he has not yet exhausted his state-court remedies for these claims.[4] He requests a stay in this case pending exhaustion of these claims in state court, or alternatively, that

---

[1] ECF No. 4.

[2] *Id.*

[3] ECF No. 7.

[4] *Id.* at 1.

Page 1 of 3

he be permitted to withdraw his petition.

A stay of this action would be appropriate if Strohmeyer were reasonably confused about the timeliness of his state habeas petition. For example, had Strohmeyer thought that his state petition was timely but the state courts determined that it was not, then the state petition would not toll the federal limitations period under 28 U.S.C. § 2244(d)(2). And if the state petition took long enough to reach its final disposition, the federal limitations period may have expired. The Supreme Court has noted that a person in that position may file a "protective" federal habeas petition and then move for a stay of the action.[5]

Two problems with staying this action exist. First, Strohmeyer has not alleged anything indicating that he is confused about the timeliness of his pending state habeas petition. Second, courts should not grant a stay if the claims are plainly meritless.[6] Strohmeyer's petition contains two claims of error in his state post-conviction proceedings that are not addressable through federal habeas proceedings.[7]

A stay in these circumstances would also serve no purpose. Even if I granted a stay and Strohmeyer exhausted his available state-court remedies, he would still need to file an amended petition alleging grounds with potential merit. These new grounds would not relate back to the grounds in the current petition because they would not share a common core of operative facts.[8] The timeliness of the grounds in the amended petition would thus rely solely on when that petition was filed. Because a stay of this action would serve no purpose in these circumstances and Strohmeyer admits that he has not exhausted his prison-disciplinary claims in state court, I dismiss this action without prejudice. A dismissal without prejudice does not effect the timeliness of any later commenced action, but Strohmeyer is cautioned that he remains responsible for calculating the

---

[5] *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005).

[6] *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

[7] *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989).

[8] *See Mayle v. Felix*, 545 U.S. 644, 664 (2005) (relation back requires common core of operative facts).

federal limitations period under 28 U.S.C. § 2244(d).  And because reasonable jurists would not find my conclusions to be debatable or wrong, I decline to issue a certificate of appalability.

### Conclusion

IT IS HEREBY ORDERED that **Strohmeyer's motion for a stay, or in the alternative, a motion to withdraw the petition [ECF No. 7] is GRANTED in part and DENIED in part.  This action is DISMISSED without prejudice, and a certificate of appealability is denied.**

The Clerk of Court is instructed to CLOSE THIS CASE.

Dated this 13th day of July, 2016.

_____
Jennifer A. Dorsey
United States District Judge